**METZGER, SHADYAC & SCHWARTZ, et al., Plaintiffs,**

v.

**The UNITED STATES, Defendant.**

**No. 512–85C.**

United States Claims Court.

June 12, 1986.

Brian W. Shaughnessy, Washington, D.C., for plaintiffs. Steven A. Silberberg, of counsel.

David B. Stinson, with whom were Asst. Atty. Gen. Richard K. Willard, David M. Cohen, and Thomas W. Petersen, Washington, D.C., for defendant.

## ORDER

BRUGGINK, Judge.

Pending before the court is Defendant's Motion To Dismiss, for lack of jurisdiction, propounded under RUSCC 12(b)(1). The pleadings, submissions and oral argument have been considered. For reasons set forth below, the motion is denied.

## FACTS

The complaint alleges a contract between plaintiffs, members of a law firm, and the United States acting through the Department of Interior (DOI). The alleged contract originates from a claim brought by Environment Consultants, Inc. (ECI) against DOI, before the department's board of contract appeals (No. IBCA–1192–5–78). ECI was represented in that claim by plaintiffs. It is alleged, and the defendant has not disputed, that ECI was awarded $70,000 plus interest as a result of that claim and that plaintiffs were designated by ECI, at least for a time, to be its collection agent.

A dispute arose between ECI and plaintiffs when the former attempted to rescind the payment collection authorization and to have DOI send the award payment directly to ECI. Defendant then notified plaintiffs

and their client of its intent to forward the payment to the Department of Justice for the filing of an interpleader, so that the plaintiffs and ECI could assert their rights in court.

Plaintiffs allege that after lengthy discussions among the three parties, "a compromise agreement was reached whereby DOI agreed to send payment of the award directly to plaintiffs' law firm .... [T]he check ... was sent directly to ECI in breach of the contract *between the law firm and DOI.*" Complaint, ¶¶ 10, 12. (Emphasis added.) The complaint further alleges:

15. Officials of DOI acting within their authority entered into a contract with the law firm to send the check ... directly to the law firm.

16. Plaintiffs relied on their agreement with DOI and forebore from exercising other rights available to them.

17. By sending the claim payment check to ECI, DOI breached its contract with the law firm causing damages....

Since they base their claims upon an asserted contract with the United States, plaintiffs allege that jurisdiction rests in the Claims Court pursuant to the Tucker Act. 28 U.S.C. § 1491(a)(1) (1982).

Defendant argues that there is no jurisdiction because "the requisite contract, as a matter of law, does not exist." Motion To Dismiss at 4. This conclusion is based on three defects asserted to appear on the face of the complaint. First, defendant points to paragraph 10 of the complaint and states, assuming for the sake of argument "that DOI had an agreement with the plaintiffs [ECI], ... this agreement was not a contract between the plaintiff and DOI." Second, defendant states that plaintiffs have not alleged that "the DOI employee who allegedly agreed with the plaintiffs to send the payment directly to the law firm was authorized to commit the Government to such a contract without obligation." Finally, defendant argues that the complaint does not allege the necessary consideration flowing to the United States.

Attached to the motion are a letter from defendant rejecting plaintiffs' claim and court papers showing the initiation and subsequent dismissal of a complaint filed by plaintiffs in district court based on the same circumstances.

In its response to the motion, plaintiffs amplify and in some respects alter their claim. They state that their entitlement to relief is based on an express contract and point to two letters from agents of defendant—one directed to ECI and the other to plaintiffs. Also attached to the response is an excerpt from a brief filed by defendant in an appeal from the district court's dismissal, in which defendant argued that plaintiffs' claim was "grounded firmly in breach of contract," and that therefore "the district court did not have jurisdiction." To show consideration flowing to the defendant, plaintiffs assert their forbearance of an interpleader action and add that "in addition [defendant's] actions created an enforceable promise under the doctrine of promissory estoppel." Response at 3.[1] They go on to argue that in any event, they would be third-party beneficiaries of an agreement between ECI and the Government to mail the payment to plaintiffs.

Defendant replied to this response. It concedes an "agreement to send the check to the law firm," but that it was made between defendant and ECI only and that it did not create an indebtedness to the law firm. An affidavit from Mr. Richard Mundinger, one of defendant's employees, is attached as support.

The response goes on to argue that plaintiffs' asserted consideration in support of a contract could not have been the "foregoing" by plaintiffs of an interpleader action, since it was the Government itself that would have initiated such a suit, and for its own purposes. Defendant also re-

1. At oral argument, plaintiffs' counsel asserted that litigation other than an interpleader was also foregone.

sponds that there is not an enforceable contract between ECI and the Government, and hence plaintiffs cannot be third-party beneficiaries.

Defendant finally makes the point that plaintiffs cannot rely on a theory of promissory estoppel since such contracts are beyond the jurisdiction of this court.

## DISCUSSION

With the exception of defendant's last recited argument dealing with promissory estoppel, none of its arguments is support for the asserted grounds for dismissal—lack of jurisdiction—at least in the present posture of the case. Initially, two are easily disposed of. The defendant's assertions that the complaint does not allege a contract between plaintiffs and defendant, or authorization to contract on the part of defendant's agents, ignores paragraphs 15 through 17.

More importantly, however, the Government's arguments address the merits of plaintiffs' case rather than lack of jurisdiction. Its brief and reply contain numerous statements going to plaintiffs' ability to support the elements of their claim: "the agreement ... did not relate to any indebtedness ... to the law firm"; "there was no agreement entered into between the plaintiffs and DOI"; "plaintiffs have not alleged any facts that *they* entered into an agreement ... such facts do not exist"; "plaintiffs have not demonstrated that any consideration moved to the United States." Reply at pp. 2–4 (emphasis in original).

Defendant's arguments cloud the distinctions between a motion to dismiss on jurisdictional grounds (RUSCC 12(b)(1)) and one for failure to state a claim (RUSCC (12(b)(4)). *See generally Thoen v. United States*, 765 F.2d 1110, 1113–14 (Fed.Cir. 1985); *Wall Industries, Inc. v. United States*, 10 Cl.Ct. 82, 86 n. 5 (1986); *Bettini v. United States*, 4 Cl.Ct. 755, 757 (1984). While the burden is on plaintiffs to establish jurisdiction, and it is the duty of this court to satisfy itself throughout the proceeding that it has jurisdiction, the Supreme Court has cautioned against granting motions to dismiss for lack of jurisdiction which are more appropriately a challenge to plaintiffs' statement of a claim for relief:

Jurisdiction, therefore, is not defeated ... by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover. For it is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction. Whether the complaint states a cause of action on which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the court has assumed jurisdiction over the controversy. If the court does later exercise its jurisdiction to determine that the allegations in the complaint do not state a ground for relief, then dismissal of the case would be on the merits, not for want of jurisdiction.

*Bell v. Hood*, 327 U.S. 678, 682, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946). *See generally Mortenson v. First Federal Savings & Loan Ass'n*, 549 F.2d 884, 892–94 (3d Cir. 1976); *Nguyen v. United States Catholic Conference*, 548 F.Supp. 1333, 1339–40 (W.D.Pa.1982).

If the facts as developed show that a contract did not exist, or if defendant establishes any one of a number of possible defenses to the claim, then the plaintiffs have failed to establish entitlement to relief. *See Claxton v. Small Business Administration*, 525 F.Supp. 777, 781 (S.D. Ga.1981). That does not alter the fact that plaintiffs currently assert a "claim against the United States founded ... upon [an] express or implied contract with the United States," within the meaning of § 1491.

In this regard, the attachments to defendant's motion help defeat the motion. Defendant's Regional Solicitor wrote that plaintiffs maintain a "claim ... founded upon an alleged breach of contract." Letter from John Little, Defendant's Motion To Dismiss at 8. The district court's order of dismissal states that "DOI's obligation to send the award to plaintiffs emanated

from its promise to do so, an obligation which is contractual in nature. Therefore, the proper course of action to assert against defendant would not be based in tort, but in contract, under a theory of promissory estoppel." Defendant's Motion To Dismiss at 11. Moreover, in order to sustain the district court's dismissal, defendant's brief to the court of appeals contains the statement, "it is plain that the law firm's claim is grounded firmly in breach of contract...." Plaintiffs' Opposition to Defendant's Motion To Dismiss, App. 1.

■ Even if, as defendant asserts, the existence in fact of a contract, as opposed to a claim founded upon contract, is determinative of jurisdiction, and characterizing defendant's argument as a challenge to jurisdictional facts, there is a reason to decline ruling now that there is no jurisdiction. The circumstances here are more like the situation recognized by the courts in which jurisdictional facts are so entwined with the facts on the merits that the jurisdictional determination must be delayed. The responding party must be given an opportunity to develop the facts. *See* 5 C. Wright and A. Miller, Federal Practice and Procedure § 1350, at 558–59 (1969); 2A J. Moore, Moore's Federal Practice, ¶ 12.07(2.--1) (2d ed. 1982). In this case, although defendant challenges the facts underlying the complaint, that challenge is primarily argument. The affidavit of Mr. Mundinger comes in the final reply, with no right of response in the plaintiffs.

Under these circumstances, and given the discretion afforded in handling speaking motions under 12(b)(1), *see Visual Sciences, Inc. v. Integrated Communications, Inc.* 660 F.2d 56 (2d Cir.1981), the court concludes that the proper procedure is to deny the motion. These matters can be more properly and fully addressed at a trial or in a dispositive motion on the mer-

its. *See Eaton v. Dorchester Development, Inc.*, 692 F.2d 727 (11th Cir.1982); *cf. Fidelity & Deposit Co. v. United States*, 2 Cl.Ct. 137, 142–43 (1983).[2]

## CONCLUSION

Based on the foregoing, Defendant's Motion To Dismiss is denied.

IT IS SO ORDERED.

---

**2.** In one respect, defendant's argument is well taken. This court does not have jurisdiction over contracts founded on a theory of promissory estoppel. *Jablon v. United States*, 657 F.2d 1064 (9th Cir.1981); *Schuhl v. United States*, 3 Cl.Ct. 207, 210–11 (1983); *Biagioli v. United States*, 2 Cl.Ct. 304, 307–08 (1983). Although such a theory is not advanced in the complaint, and thus a formal dismissal of such a claim is not appropriate, it appears in plaintiffs' brief. Such a theory of recovery is beyond the scope of the Tucker Act, and would not be entertained by the court.