**TOTAL MEDICAL MANAGEMENT, INC., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 92–838 C.**

United States Court of Federal Claims.

Sept. 23, 1993.

---

John Clifton Rand, Alexandria, VA, for plaintiff.

Dean L. Grayson, with whom were Acting Asst. Atty. Gen. Stuart E. Schiffer, David M. Cohen and Sharon Y. Eubanks, Washington, DC, for defendant; Timothy J. Saviano, Arlington, VA and Timothy G. Goblirsch, Fort Knox, KY, of counsel.

## OPINION and ORDER

TURNER, Judge.

This opinion addresses defendant's motion filed April 26, 1993 to dismiss for lack of jurisdiction. We conclude that defendant's motion should be denied.

### I

Plaintiff is a Kentucky corporation in the business of providing health care. Beginning on November 10, 1988, plaintiff entered into a series of agreements with the United States under which plaintiff agreed to provide health care services at Ireland Army Community Hospital under the Civilian Health and Medical Program of the Uniformed Services (CHAMPUS). The hospital is a United States Army facility. CHAMPUS is a government system to provide and pay for medical care to dependents of armed services employees and armed services retirees. Under CHAMPUS, private entities such as plaintiff agree to provide health care to CHAMPUS eligibles at government facilities. Such health care providers are not paid directly by the government but rather through fiscal intermediaries, usually private corporations managing the payment of CHAMPUS claims.

Plaintiff claims that in 1990 it began receiving payment at lower rates than bargained for in the agreements. On April 10, 1992, plaintiff submitted what purported to be a contract claim for $52,746.28, certified as required under the Contract Disputes Act. The claim was submitted to Colonel Thomas Clements, commander of the hospital. All of the health care agreements and their amendments had been signed by Clements or one of his predecessors as hospital commander.

Clements responded to the claim by letter on June 22, 1992, stating that the agreements were not contracts and that he was not a contracting officer. Plaintiff alleges that the agreements were contracts and seeks compensation for alleged underpayment. In support of its position, defendant submitted documentation beyond the pleadings, including several affidavits.

### II

#### A

■ Defendant's motion to dismiss is brought solely under RCFC 12(b)(1). Def. Br. at 1, 2. Defendant maintains that no contract existed and that, consequently, the court lacks jurisdiction. However, the existence or not of a contract is usually not a jurisdictional question. Depending on the circumstances, the existence of a contract may be a question of fact, a question of law, or a mixed question of fact and law. *Mahboob v. Department of the Navy*, 928 F.2d 1126, 1128 (Fed.Cir.1991); *Ransom v. United States*, 900 F.2d 242, 244 (Fed.Cir. 1990); *see Reynolds v. Army and Air Force Exchange Service*, 846 F.2d 746, 748 (Fed.Cir.1988) (stating that the existence of a disputed employment contract was in that case a question of fact).

For purposes of deciding this motion, it does not matter whether the existence of a contract in this case is a question of law, a question of fact, or a hybrid. The important point is that questions of law, like issues of fact, can only " 'be decided after and not before the court has assumed jurisdiction.' " *Ralston Steel Corp. v. United States*, 169 Ct.Cl. 119, 125, 340 F.2d 663, 667 (quoting *Bell v. Hood*, 327 U.S. 678, 682, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946)), *cert. denied*, 381 U.S. 950, 85 S.Ct. 1803, 14 L.Ed.2d 723 (1965).[1]

When the existence of a properly alleged contract is in dispute, resolution of the issue may well involve factual or legal

---

1. This principle is also discussed in *Spruill v. Merit Systems Protection Board*, 978 F.2d 679, 689 (Fed.Cir.1992) (explaining that when "outcome turns on a state of facts that cannot be known until after the [tribunal] has ... decided them," the court should take jurisdiction and decide the merits). *See Eastern Trans–Waste of Maryland, Inc. v. United States*, 27 Fed.Cl. 146, 149–50 (1992) (discussing the non-jurisdictional nature of disputes over the existence of privity of contract); *Metzger, Shadyac & Schwartz v. United States*, 10 Cl.Ct. 107, 109 (1986) (Bruggink, J.) (discussing the non-jurisdictional nature of disputes as to the existence of a contract).

questions requiring evidentiary hearing and argument. The court has, in effect, taken jurisdiction over the merits if this type of question is resolved. Defendant's argument that no contract existed thus challenges plaintiff's case on the merits, not the court's jurisdiction.

■ Challenges to jurisdiction are overcome simply "on the basis of well-pleaded allegations in the complaint." *Spruill v. Merit Systems Protection Board,* 978 F.2d 679, 686 (Fed.Cir.1992); *accord Adam v. United States,* 26 Cl.Ct. 782, 785–86 (1992) (Bruggink, J.) (stating, without specific reference to contract claims, that jurisdiction exists when plaintiff makes a "colorable allegation"); *see M.A. Mortenson Co. v. United States,* 996 F.2d 1177, 1183 (Fed. Cir.1993). This is a reflection of the venerable "well-pleaded complaint" rule. *Louisville & Nashville R.R. v. Mottley,* 211 U.S. 149, 152, 29 S.Ct. 42, 43, 53 L.Ed. 126 (1908) (holding that "plaintiff's statement of his own cause of action" is what determines jurisdiction). The Tucker Act simply requires that for jurisdiction to exist, the plaintiff's *claim* must be "founded ... upon any express or implied contract with the United States." 28 U.S.C. § 1491(a)(1) (1988). Jurisdiction should not be confused with entitlement to relief which, of course, does require proof of the contract or other substantive element in question. *Spruill,* 978 F.2d at 686–88; *Eastern Trans–Waste of Maryland, Inc. v. United States,* 27 Fed.Cl. 146, 149–50 (1992); *Adam,* 26 Cl.Ct. at 785–86; *Metzger, Shadyac & Schwartz v. United States,* 10 Cl.Ct. 107, 109 (1986) (Bruggink, J.). So long as a contract has been properly alleged, as it has here, jurisdiction will generally exist.

### B

■ The practical effect of the foregoing is to make it virtually impossible to grant a motion to dismiss for lack of jurisdiction under Rule 12(b)(1) if the motion is predicated on a challenge to the existence of a properly alleged contract.[2] If no material outside the pleadings is received, the pleader (plaintiff in this case) is, under Rule 12(b)(1), entitled to the presumption that all the allegations of its complaint are valid. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). Thus, for purposes of a Rule 12(b)(1) motion, the usual presumption is that a contract exists if it is properly alleged. It would be unfair to dismiss a substantial or non-frivolous complaint for lack of jurisdiction without giving the pleader a chance to prove the soundness of what appear to be legally sufficient allegations. By the same token, where the moving party (defendant in this case) can show that the pleader's allegations are insufficient on their face, as for instance when they fail to properly allege the existence of a contract or privity of contract, the motion to dismiss should be granted without prejudice. *Eastern Trans–Waste,* 27 Fed.Cl. at 150, 152; 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1350 at 212 (1990) (hereafter Wright & Miller).

Under this approach, when the motion to dismiss does more than simply challenge the sufficiency of the allegations, it will be treated as a motion on the merits, and not as one for lack of jurisdiction. Therefore, where the motion is brought under Rule 12(b)(1) exclusively but the challenge goes to the merits (as when the moving party does not assume the truth of the allegations), the motion will be denied. If allegations are in fact disputed, the motion is usually beyond the scope of Rule 12(b)(1).

In this case, defendant, while implicitly acknowledging that plaintiff has alleged a contract, challenges the contract's existence. This is a challenge to the truth of the allegations, not to their sufficiency. As pointed out above, such a challenge is a

---

**2.** *But see El Dorado Springs, A Limited Partnership v. United States,* 28 Fed.Cl. 132, 135 (1993) (stating that the "court only has jurisdiction if [plaintiff] had a contract"); *Nic Phaidin v. United States,* 28 Fed.Cl. 231, 235 (1993) (dismissing for lack of jurisdiction on grounds that plaintiff "cannot have had a contract"); *Schwartz v. United States,* 16 Cl.Ct. 182, 184–85 (1989) (stating that "[a]bsent a contract ... plaintiff's breach of contract claim must fail ... for lack of subject-matter jurisdiction").

merits question not amenable to resolution under a motion to dismiss for lack of jurisdiction.

### III

■ There exists another, more flexible approach allowing allegations to be disputed under Rule 12(b)(1). Because defendant has to some extent invoked this flexible approach, we now examine it, concluding that its use in this case is not warranted.

Perhaps to avoid the wastefulness of outright denial of Rule 12(b)(1) motions in instances where fairness to the pleader requires some further proceeding, courts have developed a distinction between ordinary Rule 12(b)(1) motions attacking the mere sufficiency of the allegations in the complaint (facial attacks) and those attacking the truth of the facts or legal conclusions alleged by the pleader (factual attacks).[3] As will be discussed below, the factual attack doctrine allows the moving party to dispute allegations if the pleader is allowed a full opportunity to respond.

Defendant appears to invoke the Rule 12(b)(1) factual attack doctrine by submitting evidence beyond the pleadings in the form of affidavits. Def.Br. at 1 n. 1 (citing *Indium Corp. of America v. Semi–Alloys, Inc.*, 781 F.2d 879 (Fed.Cir.1985), *cert. denied*, 479 U.S. 820, 107 S.Ct. 84, 93 L.Ed.2d 37 (1986), to support offer of evidence under Rule 12(b)(1)). Bringing in matters beyond the pleadings is typical in factual attacks because the moving party is attempting to disprove the pleader's allegations. *See* 5A Wright & Miller § 1350 at 217.

Clearly, the factual attack approach to Rule 12(b)(1) abandons the facial attack

rule that the pleader's allegations be taken as true. Implicit in a factual attack is the moving party's acknowledgment that if the pleader's allegations were proven, a sufficient cause of action might exist. Jurisdictional challenges based on the non-existence of a contract will usually be factual attacks. Though defendant here claims to have accepted the truth of plaintiff's allegations as required in a facial attack, Def. Br. at 1 n. 2, the instant motion is a classic example of a factual attack: defendant challenges plaintiff's complaint on the basis that though plaintiff may have properly alleged a contract, none in fact existed.

The factual attack doctrine often comes into play where the same statutory phrase can be read as both a jurisdictional basis and a substantive element of the cause of action. In such cases the merits and the jurisdictional facts are said to be inextricably intertwined.[4] One example is the Sherman Act, 15 U.S.C. § 1 (1988), which requires an anti-trust plaintiff to prove an effect on interstate commerce both to achieve jurisdiction and to win on the merits. *Mortensen v. First Federal Sav. and Loan Ass'n*, 549 F.2d 884, 890–92 (3rd Cir. 1977). Another example is the jurisdictional requirement that plaintiffs seeking declaratory judgments in the district courts under 28 U.S.C. § 2201 (1988) prove the existence of facts underlying the required allegation of an actual controversy. *Indium*, 781 F.2d at 883.

A similar situation arguably exists under the Tucker Act, which states that the Court of Federal Claims has "jurisdiction to render judgment upon any claim ... founded ... upon any ... contract with the United States," 28 U.S.C. § 1491(a)(1). While this

---

**3.** Excellent discussions of the distinction between facial and factual attacks can be found in *Williamson v. Tucker*, 645 F.2d 404, 412–17 (5th Cir.), *cert. denied*, 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981), and *Mortensen v. First Federal Sav. and Loan Ass'n*, 549 F.2d 884, 890–94 (3rd Cir.1977); *see generally Eastern Trans–Waste*, 27 Fed.Cl. at 148 n. 1. The Federal Circuit has adopted the factual attack doctrine's central notion that fairness to a plaintiff who faces a Rule 12(b)(1) jurisdictional challenge will sometimes require further proceedings, perhaps of an evidentiary nature. *Reynolds*, 846

F.2d 746 (Fed.Cir.1988); *Indium Corp. of America v. Semi–Alloys, Inc.*, 781 F.2d 879 (Fed.Cir. 1985), *cert. denied*, 479 U.S. 820, 107 S.Ct. 84, 93 L.Ed.2d 37 (1986).

**4.** The factual attack approach has also been used in a number of other situations in which fairness compels that the pleader have full opportunity to defend the validity of its allegations in the context of a Rule 12(b)(1) motion. *Eastern Trans–Waste*, 27 Fed.Cl. at 148 n. 1 (enumerating factual attack scenarios and citing cases).

statute gives jurisdiction to consider the merits of any properly pleaded government contract claim,[5] it has in some instances been interpreted to require that the existence of a contract be decided before jurisdiction is assumed. *See* cases cited *supra* note 2. This interpretation seems strained and ignores the well-pleaded complaint rule as well as the uncomfortable reality that the court must often resolve disputed facts to determine whether a contract exists.

■ Whether we take the strict position that a question of law or fact such as the existence or not of a contract is basically a merits question and thus can never be disposed of under a motion to dismiss for lack of jurisdiction, or whether we take the flexible position that Rule 12(b)(1) can under the factual attack doctrine sometimes accommodate challenges to the truth of well-pleaded allegations such as the existence of a contract, the end result in practice is much the same: the pleader is entitled to whatever procedures are reasonably necessary to prove its case, including an evidentiary hearing if need be. Since both approaches are designed to reach the same end, the question of whether to proceed under the factual attack doctrine of Rule 12(b)(1) or on the merits is often a judgment call for the court. *Metzger,* 10 Cl.Ct. at 110 (citing *Visual Sciences, Inc. v. Integrated Communications, Inc.,* 660 F.2d 56 (2d Cir.1981)). Courts have broad discretion in dealing with Rule 12(b)(1) motions when matters outside the pleadings are offered. *Id.*

While the Federal Circuit has approved the factual attack doctrine's approach allowing jurisdictional facts to sometimes be contested under Rule 12(b)(1) as long as the pleader is given a full chance to prove its case, *Reynolds,* 846 F.2d at 746–48; *Indium,* 781 F.2d at 883–84, we in this instance follow the Federal Circuit's guidance in *Spruill,* which indicates that when merits-type issues are disputed in a Rule 12(b)(1) motion, the court should assume jurisdiction and proceed on the merits. *Spruill,* 978 F.2d at 686–89.

The existence of a contract is at its core more of a merits than a jurisdictional issue. *Spruill* reinforces the principle that while questions like the existence of a contract may to some extent be intertwined with jurisdiction, such questions generally should not be resolved under Rule 12(b)(1). *See Spruill,* 978 F.2d at 689 (holding that "[w]hen a non-frivolous claim for relief has been asserted . . . and the outcome is determined by whether the facts support that claim, a decision . . . that they do not is a failure to prove the claim, not a lack of jurisdiction").

In this case, a contract was properly pleaded, and we have jurisdiction to address the merits. Defendant's motion to dismiss for lack of subject matter jurisdiction on the grounds that no contract exists will therefore be rejected.

## IV

### A

■ Defendant alternatively contends that its Rule 12(b)(1) motion to dismiss for lack of jurisdiction should be granted because plaintiff failed to submit a claim to a contracting officer as required under the Contract Disputes Act (CDA), 41 U.S.C. § 605 (1988). Defendant does not dispute that a properly certified claim was filed, but rather maintains that the hospital commander who received it was not an authorized contracting officer. While the proper submission of a certified claim to a contracting officer is a jurisdictional requirement, it is clear in this instance that defendant's contention that there was no authorized contracting officer to whom the claim could be submitted is predicated on the theory that no contract existed. Assuming that a contract existed here, it would plainly be covered by the CDA as a contract for services. As explained above, the existence of a contract is a question which cannot be disposed of at this juncture.

---

**5.** *Eastern Trans–Waste,* 27 Fed.Cl. at 149 (citing cases); *Metzger,* 10 Cl.Ct. at 109; *see Spruill,* 978 F.2d at 686.

## B

Defendant's second alternative argument that no properly authorized agent bound the government is likewise interlocked with the question of the existence of a contract, and will best be decided in a proceeding on the merits.

.

## V

For the foregoing reasons, the defendant's motion to dismiss for lack of subject matter jurisdiction is DENIED.

It appearing that the discovery period fixed by the initial scheduling order dated April 2, 1993 was stayed by order dated May 25, 1993 during the pendency of defendant's dispositive motion, it is ORDERED that the parties shall complete discovery no later than December 31, 1993 and that the further joint status report indicated in paragraph 2 of said initial scheduling order shall be filed no later than Monday, January 24, 1994.