**Timothy A. JANOWSKY and Peggy J. Janowsky, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

No. 90–3846 C.

United States Court of Federal Claims.

July 1, 1994.

David E. Vandercoy, Valparaiso, IN, for plaintiffs.

Donna C. Maizel, with whom were Acting Asst. Atty. Gen., Stuart E. Schiffer, David M. Cohen and Jeanne E. Davidson, Washington, DC, for defendant. Paula Wendell, Federal Bureau of Investigation, of counsel.

### OPINION and ORDER

TURNER, Judge.

This opinion addresses defendant's motion to dismiss filed on June 8, 1993. We con-

clude that defendant's motion should be denied as to count I of the complaint and denied without prejudice as to count II of the complaint (pending resolution of the merits of count I).

## I

Timothy A. Janowsky and Peggy J. Janowsky (plaintiffs), by complaint filed October 10, 1990, seek relief for breach of an implied-in-fact contract by the Federal Bureau of Investigation to compensate them for services and the use of their business in an FBI investigation (count I) or, in the alternative, for the taking of their business for public use (count II).[1]

Defendant moves to dismiss count I pursuant to RCFC 12(b)(1), for failure to allege a claim within the jurisdiction of the court. Defendant argues that no implied-in-fact contract existed between plaintiffs and any officer of the United States authorized to bind the United States to a contract and, therefore, that the court lacks jurisdiction. As for count II, defendant asserts that plaintiffs' complaint fails to state a claim upon which relief may be granted, because plaintiffs have not and cannot allege all the facts necessary to set forth a takings claim under the Fifth Amendment. Def.Br. at 2–3.[2] In support of its motion defendant has submitted the declarations of James Jasinski and E. Michael Kahoe, Def.Br., Appendix at 1–5, and of William C. Ervin, Def.Reply, Appendix at 1–2, stating that the FBI never entered into a contract with plaintiffs and that the agents plaintiffs dealt with lacked authority to bind the government.

1. We have detailed the facts of this case in two prior opinions, to wit, *Janowsky v. United States*, No. 90–3846, slip op. (Cl.Ct. April 19, 1991) (unpublished) and *Janowsky v. United States*, 23 Cl.Ct. 706 (1991). The present opinion discusses only those facts relevant to the issues presented by the current motion to dismiss.

2. In *Janowsky v. United States*, 23 Cl.Ct. 706 (1991), we dismissed count I of plaintiffs' complaint for lack of subject matter jurisdiction because we presumed applicability of the Contract Disputes Act and found that plaintiffs had not met jurisdictional prerequisites contained in the CDA. We dismissed count II for failure to state a claim upon which relief may be granted be-

## II

### A

"Challenges to jurisdiction are overcome simply 'on the basis of well-pleaded allegations in the complaint.'" *Total Medical Management, Inc. v. United States*, 29 Fed. Cl. 296, 299 (1993) (quoting *Spruill v. Merit Systems Protection Board*, 978 F.2d 679, 686 (Fed.Cir.1992)); *accord Adam v. United States*, 26 Cl.Ct. 782, 785–86 (1992) (stating, without specific reference to contract claims, that jurisdiction exists when plaintiff makes a "colorable allegation").

Defendant implicitly concedes that plaintiffs have sufficiently *alleged* the existence of an implied-in-fact contract. By challenging the existence of the properly alleged contract, defendant is attacking the merits of plaintiffs' case, not the court's jurisdiction. By introducing affidavits questioning whether a contract in fact exists, defendant has taken the factual attack approach to RCFC 12(b)(1), abandoning the usual RCFC 12(b)(1) presumption of the truth of plaintiffs' allegations. We have broad discretion in dealing with RCFC 12(b)(1) motions when matters outside the pleadings are offered. *Total Medical Management, Inc.*, 29 Fed.Cl. at 301. Where defendant disputes merits-type issues in a Rule 12(b)(1) motion, we follow the Federal Circuit's guidance in *Spruill*, which indicates that we should assume jurisdiction and proceed on the merits. *Spruill*, 978 F.2d at 686–89; *Total Medical Management, Inc.*, 29 Fed.Cl. at 301; *but see Maniere v. United States*, 31 Fed.Cl. 410 (1994).

Plaintiffs have properly alleged the existence of a contract; thus we have jurisdiction

cause plaintiffs had voluntarily agreed to participate in and to have their business used in the undercover investigation. On appeal, the Federal Circuit reversed and remanded for further proceedings. *Janowsky v. United States*, No. 92–5004, slip op. at 7–9, 1993 WL 36863 (Fed.Cir. Feb. 17, 1993) (unpublished). The appellate court reversed our dismissal of count I, holding that the CDA did not apply to the alleged agreement between plaintiffs and the FBI. The dismissal of count II was vacated and remanded with directions to "reconsider whether [plaintiffs'] property was involuntarily taken by the FBI *if it is determined there was no implied-in-fact contract.*" *Id.* at 8 (emphasis added).

to address the merits. Defendant's motion to dismiss count I for lack of subject matter jurisdiction should, therefore, be denied.

## B

In light of the direction given by the Federal Circuit, see *supra,* n. 2, we decline to address defendant's motion to dismiss count II of the complaint at this juncture, feeling that it is premature before we determine whether plaintiffs are entitled to recover on their contract theory under count I. *Janowsky v. United States,* No. 92–5004, 1993 WL 36863 (Fed.Cir. February 17, 1993) (unpublished).

## III

Based on the foregoing, defendant's motion to dismiss count I of the complaint for lack of subject matter jurisdiction is DENIED, and defendant's motion to dismiss count II of the complaint is DENIED WITHOUT PREJUDICE.

It is ORDERED that defendant shall file an answer to the complaint not later than Monday, July 25, 1994. *Cf.* RCFC 12(a).

The parties are reminded of the provisions of the Special Procedures order entered October 25, 1990.