867 F.2d 150
 FIREMAN'S FUND INSURANCE COMPANY, Plaintiff-Appellee,
v.
LESLIE & ELLIOTT COMPANY, INC., a/k/a Leslie & Elliott Co.,
Leslie & Elliott Constructions Inc., Melvin
Garfinkel, John P. Minogue, Defendants,
Leslie & Elliott Company, Inc., Defendant-Appellant.
 No. 723, Docket 88-7821.
 United States Court of Appeals,
Second Circuit.
 Argued Feb. 2, 1989.
Decided Feb. 7, 1989.
 
 Matthew M. Horowitz, Hartford, Conn. (Jacob Wieselman, Blume & Elbaum, Hartford, Conn., of counsel), for plaintiff-appellee.
 Douglas L. Patin, Washington, D.C. (Marc S. Zweben, Kilcullen, Wilson & Kilcullen, Washington, D.C., of counsel), for defendant-appellant.
 Before KAUFMAN, TIMBERS and CARDAMONE, Circuit Judges.
 PER CURIAM:
 
 
 1
 In 1984 appellant Leslie & Elliott Co., Inc. (Leslie & Elliott) was awarded a construction contract by the State of Connecticut. It guaranteed performance by obtaining a performance bond from Fireman's Fund Insurance Co. (Fireman's Fund), which thereby became a surety on the contract, with a right of indemnification against appellant. When Connecticut terminated appellant's contract, it called upon Fireman's Fund for payment of its performance bond. After complying, Fireman's Fund sought reimbursement from Leslie & Elliott pursuant to their contract's collateral security provision. It attached some of Leslie & Elliott's property, and in a suit it instituted obtained a preliminary injunction enjoining appellant from dispensing $289,103 that it had received as an arbitration award. The order issuing the injunction required those funds to be held in an escrow account pending resolution of the merits of the instant litigation.
 
 
 2
 Leslie & Elliott appeals from the order of the United States District Court for the District of Connecticut (Blumenfeld, J.), dated September 21, 1988 which granted the preliminary injunction in favor of Fireman's Fund.
 
 
 3
 It is axiomatic that a preliminary injunction will not issue unless the movant establishes (1) irreparable harm and (2) either (a) likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and with the balance of hardship tipping decidedly in its favor. See, e.g., Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc., 596 F.2d 70, 72 (2d Cir.1979) (per curiam). As a general rule we do not disturb a district court's grant of a preliminary injunction, absent an abuse of its discretion. See Thornburgh v. American College of Obstetricians and Gynecologists, 476 U.S. 747, 106 S.Ct. 2169, 2176, 90 L.Ed.2d 779 (1986); Jack Kahn Music Co. v. Baldwin Piano & Organ Co., 604 F.2d 755, 758 (2d Cir.1979). Such deference is inappropriate where, as here, the proceedings in the district court did not include an evidentiary hearing, and the district court failed to set forth those portions of the record that it thought obviated the necessity of such a hearing. See Fengler v. Numismatic Americana, Inc., 832 F.2d 745, 747 (2d Cir.1987). In the order appealed from there is no mention of irreparable harm, nor is there a finding or explanation of how and why it would occur absent an injunction.
 
 
 4
 Because a finding of irreparable harm is an absolute prerequisite to the issuance of an injunction, we vacate the district court's order and remand the case to it for an evidentiary hearing and appropriate findings.
 
 
 5
 Reversed, injunction vacated, and remanded.