**BARON ATLANTIC LTD., Plaintiff,**

v.

**Esther MARROW p/k/a Queen Esther Marrow d/b/a Roxie Queen Production Company, Defendant.**

**No. 93 CIV 7037 (CBM).**

United States District Court,
S.D. New York.

Oct. 5, 1995.

Cowan, Liebowitz & Latman, P.C., Paul R. Levenson, New York City, for Plaintiff.

Cinque & Cinque, P.C., Robert W. Cinque, New York City, for Defendant.

## MEMORANDUM OPINION

MOTLEY, Senior District Judge.

The instant case, based on alleged violation of Section 43(a) of the Lanham Act, 15 U.S.C. Section 1125(a), and breach of contract arising out the use of the name "The Harlem Gospel Singers," of which plaintiff alleges ownership, is before the court on an Order to Show Cause signed by the Hon. Robert P. Patterson, Jr., of this court, the Judge presiding in emergency Part 1 on September 29, 1995, upon plaintiff's *ex parte* application for a temporary restraining order without notice which was granted and set down for a hearing on plaintiff's application for a preliminary injunction on October 3, 1995. A copy of said order is attached hereto. The order, supplied by plaintiff's counsel and signed by the court, is hereby vacated by this court on the grounds set forth herein. The court will hear plaintiff's application for a preliminary injunction on November 27, 1995, at 10:00 a.m.

## I. BACKGROUND:

Plaintiff, Baron Atlantics Ltd. (hereinafter "Baron"), a corporation organized under the laws of the State of New York, engages in, *inter alia,* the promotion of entertainment productions in Europe. Defendant, Esther Marrow, (a/k/a Queen Esther Marrow) (hereinafter "Marrow"), is a gospel singer who has performed extensively in Europe under the name Queen Esther Marrow and with a troupe of singers called "The Harlem Gospel Singers."

With its moving papers in support of the TRO and preliminary injunction, plaintiff submitted a contract from 1992 which purports to bar defendant from using the name "Harlem Gospel Singers." Furthermore, Baron claims to have a "copyright" for the name "Harlem Gospel Singers."

Plaintiff sought a TRO *ex parte* from this court on September 29, 1995, barring defendant from engaging in a singing tour in Europe for which she was to leave on October 1, 1995 from New York. Counsel for plaintiff alleges to have left a message on the answering machine of defendant's agent on September 29, 1995, informing the agent of the pending application for a TRO. The application was referred to Judge Patterson, who was presiding in Part I of this court. A proposed Order to Show Cause (hereinafter "the Order"), was submitted by plaintiff's counsel for the court's endorsement. The Order contained requests for an expedited deposition of defendant and production of documents, as well as a TRO against defendant from participating in any performance in which the name "Harlem Gospel Singers" would be used. The Order, obtained *ex parte* without providing meaningful notice to defendant, as submitted by counsel and signed by the court, did not contain a recitation of the facts concerning irreparable harm as required by Fed.R.Civ.Proc. 65(b) and no security was given by plaintiff as required by Rule 65(c) thereof.

In opposition to the request for a preliminary injunction, defendant submitted evidence of other agreements concerning ownership and use of the name "Harlem Gospel Singers" as well as other concerts in Europe in which she performed under this name with no formal objection from Baron.

At the commencement of the hearing on October 3, 1995, plaintiff's counsel moved for summary judgment on the provision of a 1992 contract barring use of the name "Harlem Gospel Singers" by defendant. The facts developed at the October 3, 1995 hearing disclosed that plaintiff was aware for approximately ten months before the hearing of defendant's purported illegal use of the name "Harlem Gospel Singers" in France and alleged breach of contract for use of the name in countries other than Germany, Switzerland and Austria.

At the October 3, 1995 hearing, the court reviewed with plaintiff's counsel the irreparable harm requirement when a party seeks a temporary restraining order and preliminary injunction[1] and concluded that no irreparable harm had been shown. The court also reviewed the lateness of the application for a TRO and preliminary injunction.

## II. DISCUSSION:

The Order granted on September 29, 1995, was improper in form because the order failed to "define the injury and state why it is irreparable and why the order was granted without notice" as required by Rule 65(b) and on this ground alone it must be vacated.[2] *Cf., Fireman's Fund Insurance Company v. Leslie & Elliott Company, Inc.,* 867 F.2d 150, 151 (2nd Cir.1989) (vacating injunction where order failed to set forth findings concerning irreparable harm). Furthermore, it appears from the slim record presented by plaintiff that it knew for roughly ten months of defendant's purported contract breach and Lanham Act violation, but had taken no action prior to the eve of an upcoming tour to take court action against her. Moreover, the knowing application at the eleventh hour is an independent ground for vacating the order. *New Era Publications International v. Henry Holt & Co., Inc.,* 873 F.2d 576, 584–585 (1989), *cert. denied,* 493 U.S. 1094, 110 S.Ct. 1168, 107 L.Ed.2d 1071 (1990). Such delay puts excessive burdens on the court and defendant in this instance whose concert tour is already arranged and is to start on October 6, 1995 and end in the first week of November 1995.

Furthermore, as the record of the October 3, 1995 hearing shows, the court finds that plaintiff was unable to proceed to a hearing on the preliminary injunction because it did not appear to have documents and contracts critical to making out its case for the extraordinary relief sought herein. Accordingly, the court set plaintiff's request for a hearing on its request for a preliminary injunction for November 27, 1995, at 10:00 a.m.

In addition, because plaintiff appears to claim what is essentially economic harm by defendant's purportedly illegal conduct, plaintiff failed to make out the necessary showing of irreparable harm to warrant continuation of any TRO and the grant of a preliminary injunction. *See e.g., Miss America Organization v. Mattel, Inc.,* 945 F.2d 536, 546 (2nd Cir.1991) (holding submission of one cursory affidavit concerning potential loss of consumer good will was not sufficient to establish irreparable harm sufficient to warrant granting of injunction). Accordingly, the TRO is vacated in all respects.

## III. CONCLUSION

For all of the above reasons, plaintiff's request for a temporary restraining order is denied and the prior restraining order is dissolved. Plaintiff's request for a preliminary injunction will be heard by the court on November 27, 1995.

## ORDER

For the reasons set forth in the accompanying Memorandum Opinion simultaneously filed herewith, plaintiff's request for a temporary restraining order is DENIED and the prior restraining order, dated September 29, 1995, obtained *ex parte,* is vacated in its entirety. Those portions of the September 29, 1995 order directing the defendant to supply documents and to submit to a deposition are also expressly vacated. Plaintiff's

---

**1.** The standard for issuance of injunctive relief in the Second Circuit is well-settled. Plaintiff must show "(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." *Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.,* 596 F.2d 70, 72 (2d Cir.1979). *See also Paulsen v. County of Nassau,* 925 F.2d 65, 68 (2d Cir. 1991); *Fireman's Fund Ins. Co. v. Leslie & Elliott Co.,* 867 F.2d 150, 150 (2d Cir.1989).

Moreover, the requirement of irreparable harm for the issuance of a TRO is expressly set forth in Fed.R.Civ.Proc. 65(b).

**2.** Counsel for the plaintiff stated that he had left a message for defendant's agent concerning the TRO request on the morning of the application. Such a gesture cannot satisfy the notice requirement of Rule 65(b) where the plaintiff knew of the challenged conduct for roughly ten months before bringing the action.

request for a preliminary injunction will be heard on November 27, 1995, at 10:00 a.m. in courtroom 26–A in the United States Courthouse at 500 Pearl Street.

SO ORDERED,

ATTACHMENT

United States District Court

Southern District of New York

Baron Atlantics Ltd.,

Plaintiff,

against

Esther Marrow p/k/a Queen Esther

Marrow d/b/a Roxie Queen Production

Company,

Defendant.

95 CIV. 8342 (CBM)

PATTERSON, J.

(Part I)

*TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE FOR A PRELIMINARY INJUNCTION AND EXPEDITED DISCOVERY*

Upon the Complaint herein, the declaration of J. Till Polla executed September 29, 1995, the declaration of Paul R. Levenson executed September 29, 1995, and the exhibits thereto and the accompanying plaintiff's Memorandum of Law, it is hereby

ORDERED, that the defendant or her attorneys show cause at a hearing before this Court to be held before the Hon. Constance Baker Motley in Courtroom 26A of the U.S. District Courthouse, Foley Square, New York, New York on October 3, 1995 at 10 o'clock a.m. or as soon thereafter as counsel can be heard why an order should not be issued granting plaintiff's motion for a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure,

(i) enjoining and restraining defendant, preliminarily and pending the trial and determination of this action, and until further order of this Court, from in any manner, either directly or indirectly, performing in or permitting her name to be used in connection with any performance or other entertainment medium that utilizes the name THE HARLEM GOSPEL SINGERS or any variant or foreign equivalent thereof; and sufficient reason appearing therefore, it is further

ORDERED, that defendant is temporarily enjoined and restrained pending the hearing and determination of this motion from, in any manner, directly or indirectly, performing in or permitting her name to be used in connection with any performance or other entertainment medium that utilizes the name THE HARLEM GOSPEL SINGERS or any variant or foreign equivalent thereof; and it is further

ORDERED, that within three (3) business days defendant shall provide to plaintiff's counsel a copy of all agreements she has entered into in connection with the concert tour of THE HARLEM GOSPEL SINGERS scheduled to commence in Paris, France in October 1995, any other agreements concerning defendant's services rendered or to be rendered in connection with the name THE HARLEM GOSPEL SINGERS, and all itineraries for said tour; and it is further

ORDERED, that defendant shall appear for a deposition by oral examination at the offices of plaintiff's counsel at 10:00 on October 4, 1995; and it is further

ORDERED, that service by Federal Express for overnight delivery or personal service upon defendant, or counsel appearing for defendant, or defendant's agents Rosanne Kirk or Abby Hoffer, of a copy of this Temporary Restraining Order and Order to Show Cause together with a copy of the papers on which it is based for receipt by 6 o'clock p.m. on September 29, 1995, shall be deemed good and sufficient service and that any answering papers shall be served on plaintiff's counsel for receipt by 6 o'clock p.m., on October 2, 1995 and that any reply papers shall be served on defendant or counsel appearing for defendant for receipt by nine o'clock a.m., October 3, 1995.

Dated:  New York, New York

September 29, 1995

ISSUED AT 2:50 p.m.

/s/Robert P. Patterson, Jr.,
U.S.D.J.
of Part I