420 F.2d 293
 601 WEST 26 CORP., Appellant,
v.
SOLITRON DEVICES, INC., Benjamin Friedman and Louis Sternbach & Co., Appellees.
 No. 592.
 Docket 32832.
 United States Court of Appeals Second Circuit.
 Argued June 5, 1969.
 Decided June 26, 1969.
 
 Stuart A. Summit, New York City (Miller & Summit, New York City, on the brief), for appellant.
 Paul Windels, Jr., New York City (Windels, Merritt & Ingraham, Carro, Spanbock & London, and Erdheim & Shalleck, New York City, on the brief), for appellees Solitron Devices, Inc. and Benjamin Friedman.
 John M. Burns, III, New York City, (Spear & Hill, Thomas W. Hill, Jr., Donald Stuart Bab, New York City on the brief), for appellee Louis Sternbach & Co.
 Before WATERMAN, FRIENDLY and KAUFMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 601 W. 26 Corp. (plaintiff) engages in the business of writing calls — options by which it agrees to sell a given security at an agreed price at any time within six months. In the course of its business, plaintiff wrote calls on 32,600 shares of the common stock of Solitron Corp., an electronics corporation whose stock is traded on the American Stock Exchange at widely fluctuating prices. If the price of Solitron falls below the option price, the call will not be exercised and plaintiff will profit by the amount of the premium. If the price rises, however, the option will be picked up and plaintiff (which does not own the stock when it writes the call) will be obliged to purchase Solitron shares in the market and which it would then have to sell to the optionees at a loss. For these options plaintiff received premiums totaling about $150,000. Options covering 13,800 Solitron shares had already been exercised in this manner at the time this action was initiated.
 
 
 2
 Plaintiff commenced this action for injunctive relief seeking to prevent Solitron from issuing any financial or earnings reports until Solitron's books were audited by an independent firm of certified public accountants. It seeks no damages. Its action is based on allegations that Solitron's accounting practices have been irregular giving an unduly favorable view of the company's prosperity, thus causing a rise in the price of the stock on the exchange, which, of course, was to the plaintiff's detriment. The ammunition for this charge comes from the testimony in an unrelated action in the District Court for the Northern District of Illinois between Solitron and the Amphenol Corp., an electronics firm which Solitron sought to acquire, Amphenol attacked Solitron's accounting practices with specificity, but after a two-week hearing, the Illinois Court denied a preliminary injunction. Amphenol's appeal to the Seventh Circuit Court of Appeals was dismissed.
 
 
 3
 Plaintiff now appeals from Judge Herlands' decision of October 10, 1968, 291 F.Supp. 882, denying plaintiff's request for a preliminary injunction against publication by Solitron of its financial data or status. While it is true that Judge Herlands' exercise of discretion was influenced to some extent by his misgivings as to plaintiff's standing to obtain the relief it seeks, we need not reach this issue. The initial resolution of this question should be by the trial court after full development of the facts. There were, in any case, ample grounds for refusing a temporary injunction. The elaborate affidavits submitted by the parties illustrate that the factual issues are vigorously disputed and it is anything but clear that plaintiff will prevail on the merits. See Willheim v. Investors Diversified Services, Inc., 303 F.2d 276 (2d Cir. 1962).
 
 
 4
 We affirm the District Court's order since we can find no abuse of discretion in denying the injunction. United States v. W. T. Grant Co., 345 U.S. 629, 73 S.Ct. 894, 97 L.Ed. 1303 (1953).