660 F.2d 56
 VISUAL SCIENCES, INC., individually and on behalf of itself
and all other stockholders of Integrated
Communications Incorporated, Plaintiff-Appellee,
v.
INTEGRATED COMMUNICATIONS INCORPORATED, Duane C. Harden,
Richard Haden, Allen B. Neuendorf, Alan W.
Robinson, Allan W. Peddle, and Betacom
Corporation, Defendants,
Duane C. Harden, Richard Haden, Allen B. Neuendorf and
Betacom Corporation, Defendants-Appellants.
 No. 1793, Docket 81-7456.
 United States Court of Appeals,
Second Circuit.
 Argued Aug. 11, 1981.
Decided Sept. 21, 1981.
 
 Daniel J. Sullivan, New York City (Murray, Hollander, Sullivan & Bass, New York City), for defendants-appellants.
 Henry J. Forman, Jr., New York City (Satterlee & Stephens, New York City), for plaintiff-appellee.
 Before VAN GRAAFEILAND and KEARSE, Circuit Judges, and MARKEY,C.C.P.A.*
 VAN GRAAFEILAND, Circuit Judge:
 This is an appeal from an order of the United States District Court for the Eastern District of New York (Costantino, J.) entered July 13, 1981, granting plaintiff-appellee's motion for a preliminary injunction and denying the motions of defendants-appellants, Duane C. Harden and Betacom Corporation to dismiss the second amended complaint for lack of personal jurisdiction. Because the matter is properly before us on appellants' appeal from the temporary injunction order, we may consider appellants' attack on the district court's order denying their motion to dismiss for lack of jurisdiction. United States v. First National City Bank, 321 F.2d 14, 17 n.3 (2d Cir. 1963), rev'd on other grounds, 379 U.S. 378, 85 S.Ct. 528, 13 L.Ed.2d 365 (1965).
 In the affidavits submitted in support of the parties' several motions, many essential facts were sharply disputed. The parties disagreed as to the existence and nature of an alleged contract between Visual Sciences and defendant Harden. They disagreed as to the purpose of trips by Harden, a citizen of Minnesota, to New York. They also disagreed as to the facts necessary to confer standing on plaintiff to pursue its derivative stockholder's action on behalf of Integrated Communications, Inc. The district court ordered a combined hearing on the motions but terminated it abruptly before defendants had cross-examined plaintiff's witnesses or presented evidence of their own.
 On a motion for a preliminary injunction an adequate presentation of the facts is necessary. Where, as here, essential facts are in dispute, there must be a hearing, Forts v. Ward, 566 F.2d 849 (2d Cir. 1977), and appropriate findings of fact must be made. Fed.R.Civ.P. 52(a). These findings are not conclusive, and may be altered after a trial on the merits. Hamilton Watch Co. v. Benrus Watch Co., 206 F.2d 738, 740 (2d Cir. 1953). However, tentative or not, findings must be made.
 Moreover, if the hearing is to serve its intended purpose of illuminating and resolving factual issues, it must be conducted fairly. The opposing party must be afforded the opportunity to cross-examine the moving party's witnesses and to present evidence. Because appellants were not given an opportunity to fully cross-examine appellee's witnesses and present evidence and because the district court made no adequate findings of fact, the order granting the preliminary injunction must be vacated.
 
 
 1
 Ordinarily, in passing upon a defendant's Rule 12(b) motion to dismiss for lack of jurisdiction, a district court may exercise more procedural leeway. Data Disc, Inc. v. Systems Technology Associates, Inc., 557 F.2d 1280, 1285 (9th Cir. 1977). The court may determine the motion on the basis of affidavits alone; it may grant discovery; it may conduct a preliminary hearing on the merits. Id. In the absence of a full-blown hearing on the merits, plaintiff need make only a prima facie showing that the court has jurisdiction under a long-arm statute. United States v. Montreal Trust Co., 358 F.2d 239, 242 (2d Cir.), cert. denied, 384 U.S. 919, 86 S.Ct. 1366, 16 L.Ed.2d 440 (1966). Such a showing will not prevent the defendant from challenging the jurisdictional facts on the trial, and the plaintiff must then prove the facts supporting jurisdiction by a preponderance of the evidence. United States v. Montreal Trust Co., supra, 358 F.2d at 242 n.4; Bowman v. Grolsche Bierbrouwerij B.V., 474 F.Supp. 725 (D.Conn.1979); Ghazoul v. International Management Services, Inc., 398 F.Supp. 307, 309 (S.D.N.Y.1975).
 
 
 2
 A prima facie showing of jurisdiction will not suffice, however, where a plaintiff seeks preliminary injunctive relief. A court must have in personam jurisdiction over a party before it can validly enter even an interlocutory injunction against him. 7 Moore's Federal Practice, A. 65.04(3); see 601 West 26 Corp. v. Solitron Devices, Inc., 291 F.Supp. 882, 895 (S.D.N.Y.1968), aff'd, 420 F.2d 293 (2d Cir. 1969). Where a challenge to jurisdiction is interposed on an application for a preliminary injunction "(t)he plaintiff is required to adequately establish that there is at least a reasonable probability of ultimate success upon the question of jurisdiction when the action is tried on the merits." Industrial Electronics Corp. v. Cline, 330 F.2d 480, 482 (3d Cir. 1964). See A.H. Bull Steamship Co. v. National Marine Engineers Beneficial Ass'n., 250 F.2d 332, 337 (2d Cir. 1957). Since the order denying a defendant's motion to dismiss will be reviewable on the appeal from the order granting plaintiff's motion for a preliminary injunction, the district court must make factual findings adequate enough to permit intelligent appellate review. That has not been done in the instant case.
 
 
 3
 The order appealed from is vacated and the matter is remanded to the district court for further proceedings consistent with this opinion. In view of this disposition, the motions of the parties directed to the briefs and appendix are denied as moot.
 
 
 
 *
 Chief Judge of the United States Court of Customs and Patent Appeals, sitting by designation