832 F.2d 745
 Iris FENGLER, Individually and as President and Stockholder
derivatively on behalf of Stationers Supply Co.,
Inc., and Stationers Supply Co., Inc.,
Plaintiffs-Appellees,
v.
NUMISMATIC AMERICANA, INC., U.S. Rare Gold Eagles, Inc.,
Jerry Simon, John Cameron, Stuart Bochner and
Bochner & Berg, Defendants,
Appeal of Stuart BOCHNER and Bochner & Berg, Defendants-Appellants.
 No. 11, Docket 87-7284.
 United States Court of Appeals,
Second Circuit.
 Argued Oct. 9, 1987.
Decided Nov. 4, 1987.
 
 Howard R. Birnbach, New York City (Sulkow Birnbach Jasilli & Schleifer, Ellen M. Levanti, New York City, of counsel), for plaintiffs-appellees.
 Charles Dewey Cole, Jr., New York City (Newman Schlau Fitch & Burns, P.C., Abraham S. Altheim, New York City, of counsel), for defendants-appellants.
 Before KAUFMAN and ALTIMARI, Circuit Judges, and TENNEY, District Judge.*
 ALTIMARI, Circuit Judge:
 
 
 1
 Stuart Bochner and his law firm, Bochner and Berg ("Bochner"), appeal from an order of the United States District Court for the Southern District of New York, Kevin Thomas Duffy, Judge, which preliminarily enjoined all defendants from engaging in any business transactions with respect to Stationers Supply Co., Inc. ("Stationers"). Because this preliminary injunction was issued without holding an evidentiary hearing and was not supported by any findings of fact, we vacate the injunction and remand to the district court with instructions to hold an evidentiary hearing.
 
 BACKGROUND
 
 2
 In December 1986, appellee Iris Fengler ("Fengler") contracted to sell 60% of the stock in her financially-troubled office supply company, Stationers, to defendant Numismatic Americana, Inc. ("Numismatic"). Defendant John Cameron ("Cameron") was the president of Numismatic. Preliminary negotiations for the sale had been conducted by defendant Jerry Simon ("Simon"), who was the Senior Acquisitions Director of U.S. Rare Gold Eagles, Inc.
 
 
 3
 According to Fengler, Simon orally promised that his company would invest $50,000 into Stationers; would pay Fengler a salary of $1,100 weekly; would satisfy all of Stationers' outstanding checks issued to creditors; and would conduct an audit of Stationers so that the business could be restored to financial health.
 
 
 4
 The contract which was ultimately signed provided for the audit, for the investment of $50,000 into Stationers, and for the payment of an $1,100 weekly salary to Fengler. The contract was executed on December 24, 1986. Both Simon and Cameron were present, and were represented by Bochner. Fengler was unrepresented by counsel. She had not retained her own counsel, and she alleges that Simon assured her that his own attorney, Bochner, would adequately represent the interests of all parties to the transaction. Fengler further alleges that Bochner informed her it would be very difficult to obtain her own counsel on the day before Christmas.
 
 
 5
 Fengler contends that within two weeks after the contract was executed, defendants removed all the inventory, business records and furnishings of Stationers, leaving Fengler with only a desk, chair, and telephone. Defendants also allegedly converted all the cash assets of Stationers to their personal use, and refused to satisfy the claims of Stationers' creditors. Fengler herself received only one weekly salary check, and needless to say, was unable to get defendants to return her phone calls.
 
 
 6
 In February 1987, Fengler commenced the present action, asserting claims under the federal securities laws, RICO, and common-law fraud, and requesting both monetary and injunctive relief. Defendants Simon and Cameron disappeared to parts unknown before they could be served with process. The two corporate defendants were served, but did not appear and are currently in default. Bochner and Bochner and Berg were also properly served and are the only defendants appealing the district court's grant of injunctive relief.
 
 
 7
 Fengler alleged in her complaint that Bochner breached his duty of care to her by failing to advise her to obtain independent counsel. She claimed that "Bochner and Bochner and Berg participated in such a plan or scheme with the other defendants to knowingly and maliciously engage in acts of fraud and deceit against plaintiffs...." Fengler did not claim, however, that Bochner actively participated in the looting of the corporate assets.
 
 
 8
 On February 11, Judge Robert Ward issued an ex parte temporary restraining order against defendants, enjoining them from engaging in any business dealings on behalf of Stationers. The return date on plaintiffs' motion for preliminary injunction was set for February 17, 1987. On that date, counsel for Fengler and Bochner appeared to argue the motion before Judge Duffy; these proceedings were not transcribed. Prior to the arguments, Bochner had not submitted any papers to the court. Immediately following argument, however, Bochner submitted an affidavit which stated that his firm no longer represented the corporate defendants, and that neither he nor his firm was in a position to engage in any acts on behalf of Stationers. The affidavit concluded:
 
 
 9
 [T]here is no reason to issue the preliminary injunction as against me or my law firm.... Absent an evidentiary hearing, the court should not do an unnecessary act, which can have no effect, might yet have damaging implications and might be used by plaintiff at a later date to cast a light on these proceedings that were (sic) never intended (emphasis added).
 
 
 10
 The district court did not hold the requested evidentiary hearing. Instead, the court issued a preliminary injunction, unsupported by any factual findings, which restrained all defendants from engaging in the following activities with respect to Stationers: "checking transactions, solicitation of customers, collection of outstanding corporate obligations, payment of corporate accounts receivable, sale or purchase of inventory, and sale and purchase of any securities."
 
 DISCUSSION
 
 11
 Bochner contends that the preliminary injunction must be vacated because of the district court's failure to hold an evidentiary hearing, as well as its failure to make findings of fact. We agree with appellants on both counts.
 
 
 12
 On a motion for preliminary injunction, where "essential facts are in dispute, there must be a hearing ... and appropriate findings of fact must be made." Visual Sciences, Inc. v. Integrated Communications, Inc., 660 F.2d 56, 58 (2d Cir.1981) (citing Forts v. Ward, 566 F.2d 849 (2d Cir.1977)).
 
 
 13
 In the present case, "essential facts" were unquestionably in dispute with respect to Bochner. Although Fengler alleged that Bochner was a participant in the scheme to defraud her, Bochner denied any knowledge of his codefendants' intentions. He contended, rather, that his firm's relationship with Numismatic and the other codefendants consisted solely of drafting the contract of sale and attending the closing. He claimed, moreover, that his firm no longer represented the co-defendants and was not in a position to exercise any control over the assets of Stationers. Because the material facts were clearly in dispute, the district court erred by not holding an evidentiary hearing before granting the injunction.
 
 
 14
 Fengler argues that Bochner waived any right to an evidentiary hearing by failing to demand one during argument of the motion. We will never know, of course, if Bochner in fact failed to request a hearing at that time, since there is no transcript of the oral argument. Nevertheless, Bochner submitted an affidavit on the day of argument, in which he expressly urged the court not to order injunctive relief without holding a hearing.
 
 
 15
 A party against whom an injunction is sought will be found to have waived its right to a hearing only where that party was demonstrably "content to rest" on affidavits submitted to the court. See Drywall Tapers and Pointers v. Operative Plasterers' and Cement Masons' International Ass'n, 537 F.2d 669, 674 (2d Cir.1976); Semmes Motors, Inc., v. Ford Motor Co., 429 F.2d 1197, 1204-05 (2d Cir.1970); see also Holt v. Continental Group, Inc., 708 F.2d 87, 90 n. 2 (2d Cir.1983) ("Normally a party that elects to gamble on a 'battle of affidavits' must live by that choice.").
 
 
 16
 In this case, Bochner did not opt to wage a battle of affidavits. Indeed, the first (and only) affidavit which Bochner submitted to the court contained an explicit request for a hearing. Bochner did not, therefore, waive his right to an evidentiary hearing.
 
 
 17
 Finally, the district court's failure to make findings of fact is also reversible error. See Visual Sciences, 660 F.2d at 58. Fed.R.Civ.P. 52(a) provides that "in granting or refusing interlocutory injunctions the court shall ... set forth the findings of fact and conclusions of law which constitute the grounds of its action" (emphasis added).
 
 
 18
 In a recent decision, this court stated emphatically that "Rule 52(a)'s requirement that the trial court find facts specifically and state its conclusions of law is mandatory and cannot be waived." Inverness Corp. v. Whitehall Laboratories, 819 F.2d 48, 50 (2d Cir.1987). In Inverness this court vacated the district court's order granting a preliminary injunction in a trademark infringement case, because the findings of fact were inadequate to support the injunction. In the present case, the district court made no factual findings to justify its grant of injunctive relief. As the Inverness panel observed, "the district court's decision neither informs us as to its underlying rationale nor served to discipline its approach to the case before it." Id. at 51.
 
 
 19
 The preliminary injunction granted by the district court is hereby vacated. The case is remanded with instructions that the district court hold an evidentiary hearing regarding the propriety of injunctive relief. The district court's ultimate decision following the outcome of this hearing must be supported by adequate findings of fact, in compliance with Fed.R.Civ.P. 52(a).
 
 
 
 *
 Honorable Charles H. Tenney, Senior Judge of the United States District Court for the Southern District of New York, sitting by designation