Richard CHARLTON,
Plaintiff–Appellant,

v.

ESTATE OF Richard CHARLTON; James P. Dunlavey, Receiver; Cortez Development Corporation, an Arizona corporation; Seventh Camel Associates, an Arizona joint venture, Defendants–Appellees.

No. 87–2047.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 8, 1988.

Decided March 11, 1988.

Joseph W. Charles, Glendale, Ariz., for plaintiff-appellant.

Dennis I. Wilenchik, Storey & Ross, Phoenix, Ariz., and Jon N. Vogel, Vogel & Wulfers, Scottsdale, Ariz., for defendants-appellees.

Before SKOPIL, REINHARDT and LEAVY, Circuit Judges.

SKOPIL, Circuit Judge:

Plaintiff-appellant Richard Charlton ("Charlton") appeals from a district court's order permanently enjoining him from attacking a bankruptcy sale of his property. We agree with Charlton that the injunction should not have been issued without a hearing on the merits. We reverse and remand for further proceedings.

## FACTS AND PRIOR PROCEEDINGS

In 1979 Charlton filed a Chapter 11 petition in bankruptcy. The bankruptcy court issued an order authorizing the sale of a major asset of the estate. On appeal, we temporarily stayed the sale of the property,

conditioned upon Charlton's filing a bond of adequate security. When Charlton failed to post such a bond, the stay expired and the property was sold. We dismissed Charlton's appeal as moot.

Since that time, Charlton has repeatedly challenged the validity of the sale of his property. In rejecting one such collateral attack, we declared that "Charlton cannot challenge the validity of the sale in this proceeding, whether directly by seeking a decision on the merits or indirectly by seeking to have the orders approving and confirming sale vacated." *In re Charlton*, 708 F.2d 1449, 1455 (9th Cir.1983).

■ During the pendency of yet another of Charlton's appeals to this court, appellees requested an injunction to preclude new collateral challenges to the bankruptcy court's order. We denied the request without prejudice to its renewal before the district court. In district court, Charlton opposed the injunction on the ground the court had no legal basis to issue such relief. The district court disagreed, reasoning that it possessed both the authority "to enforce compliance with its decision by directly enjoining action contrary to those decisions" and the power "to enforce the effect of the doctrines of collateral estoppel and res judicata by issuing injunctions against repetitive litigation." The court, without holding an evidentiary hearing, issued the injunction.

### DISCUSSION

The All Writs Act, 28 U.S.C. § 1651(a) (1982), confers upon federal courts the power to "issue all writs necessary or appropriate in aid of their respective jurisdictions...." In *Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1524 (9th Cir.1983), *cert. denied*, 465 U.S. 1081, 104 S.Ct. 1446, 79 L.Ed.2d 765 (1984), we noted that the Act empowers a district court to issue injunctions to enforce judgments and to reinforce the effects of the doctrines of res judicata and collateral estoppel. This power clearly extends in appropriate circumstances to allow "federal courts to enjoin state court proceedings to protect the res judicata effect of their judg-

ments." *Golden v. Pacific Maritime Ass'n*, 786 F.2d 1425, 1427 (9th Cir.1986) (interpreting Anti–Injunction Act, 28 U.S.C. § 2283 (1982)).

■ Charlton contends, however, that the district court improperly denied him an evidentiary hearing before issuing the injunction. We agree. Generally "the entry or continuation of an injunction requires a hearing. Only when the facts are not in dispute, or when the adverse party has waived its right to a hearing, can that significant procedural step be eliminated." *Professional Plan Examiners of New Jersey, Inc. v. Lefante*, 750 F.2d 282, 288 (3d Cir.1984) (citations omitted). *See also Fengler v. Numismatic Americana, Inc.*, 832 F.2d 745, 747 (2d Cir.1987) (hearing is required for preliminary injunction if essential facts are in dispute); *United States v. McGee*, 714 F.2d 607, 613 (6th Cir.1983) (evidentiary hearing is required for permanent injunction unless there are no triable issues of fact).

■ We conclude that Charlton did not waive his right to an evidentiary hearing. There is no indication that Charlton was "demonstrably 'content to rest'" on his motion in opposition to the injunction. *See Fengler*, 832 F.2d at 748. In fact, Charlton specifically noted in his motion that a plenary hearing was required. We will not lightly imply a waiver of the right to be heard, particularly when the injunction sought would preclude access to the courts —"the final safeguard for vitally important constitutional rights." *Wood*, 705 F.2d at 1525.

We also do not accept the argument that there remain no disputes of material fact because Charlton received numerous hearings in his prior litigation. Evidence adduced in those proceedings is not determinative of whether an injunction should now issue. While Charlton may not be able to produce evidence sufficient to persuade the court not to grant the injunction, he should be afforded the opportunity to present his case. *See In re Oliver*, 682 F.2d 443, 446 (3d Cir.1982). This is not to say, however, that Charlton may once again attempt to

challenge the validity of the bankruptcy sale or the transfer of the property. Those matters are closed and all that remains on remand is the propriety of injunctive relief.

REVERSED and REMANDED.*

---

* Appellees suggest that Charlton's appeal should be dismissed for failure to comply with Fed.R. App.P. 28(a)(3). *See, e.g. Hamblen v. County of Los Angeles,* 803 F.2d 462, 464 (9th Cir.1986). While Charlton's opening brief in this case is arguably deficient, it is not so problematical as to make it impossible to understand the nature and merits of the case.

Appellees also submit that Charlton's appeal should be dismissed for nonpayment of sanctions previously assessed by this court. *See*

*Hacopian v. United States Dept. of Labor,* 709 F.2d 1295, 1296 (9th Cir.1983) (courts have inherent power to dismiss an action for nonpayment of costs in a prior action). Their motion to dismiss on this ground was presented to and denied by a motions panel. While a motions panel's order may not be law of the case, we decline to overrule our prior order. *See Feldman v. Henman,* 815 F.2d 1318, 1320 n. 1 (9th Cir.1987).