### In re UNITED HEALTH CARE ORGANIZATION, INC., et al.

### AMRESCO NEW ENGLAND II, L.P., Intervenor—Appellant,

v.

### John F. OLSON, Jr., Daniel E. Carpenter, Mary Ellen Olson, and United Automobile, Aerospace and Agricultural Implement Workers of America, AFL–CIO, Intervenors–Appellees.

AMRESCO NEW ENGLAND II,
L.P., Plaintiff—Appellant,

v.

John F. OLSON, Jr., Daniel E. Carpenter,
and Mary Ellen Olson, Defendants–
Appellees.

Nos. 97–7931, 97–9265.

United States Court of Appeals,
Second Circuit.

Argued April 20, 1998.

Decided June 19, 1998.

Jonathan A. Alter, Bingham Dana LLP, Hartford, CT (Robert M. Dombroff, Bingham Dana LLP, Hartford, CT, on brief), for Appellant.

Jack E. Robinson, Stamford, CT, for Appellees.

Lowell Peterson, Meyer, Suozzi, English & Klein, P.C., Mineola, NY, for Intervenor–Appellee.

Before: WALKER and JACOBS, Circuit Judges and AMON, District Judge *

PER CURIAM.

AMRESCO New England II, L.P. ("Amresco") appeals from the June 30, 1997 preliminary injunction issued in a bankruptcy proceeding before the United States District

---

Court for the Southern District of New York (Shira A. Scheindlin, Judge). The preliminary injunction enjoined Amresco from pursuing lawsuits against Daniel E. Carpenter and John F. Olson, Jr., principals and fiduciaries of the bankrupt entity. Amresco also appeals from the September 29, 1997 order of the United States District Court for the District of Connecticut (Alvin W. Thompson, Judge) which, in reliance upon Judge Scheindlin's injunction, dismissed without prejudice an action brought by Amresco against defendants Carpenter, John Olson, and Mary Ellen Olson, the wife of John Olson, to collect on a mortgage note.

Subsequent to the filing of these appeals, the injunction against Amresco was dissolved when the settlement agreement the injunction was designed to protect was not effected. Accordingly, we dismiss as moot Amresco's appeal of Judge Scheindlin's injunction. Recognizing that Judge Thompson's order dismissing appellant's complaint was based solely on the now dissolved injunction, and finding no merit to appellees' position that Amresco was barred from initiating the Connecticut action by an earlier injunction in the bankruptcy court, we also vacate the United States District Court for the District of Connecticut's order dismissing the complaint and the complaint is reinstated.

## BACKGROUND

These appeals arise from a procedurally complicated fact pattern involving lawsuits in several different courts. The first action relevant to the issues raised here was a case brought in the United States District Court for the Southern District of New York (Shira A. Scheindlin, Judge) by participants in a welfare benefit plan known as the United Health Care Organization Plan and Trust (the "UHCO Plan"). In that suit, plaintiffs alleged that Carpenter and John Olson breached their fiduciary duties as principals and officers of the UHCO Plan. The case was resolved by a consent decree that provided, inter alia, that UHCO would file a voluntary Title 11 petition in the United States Bankruptcy Court for the District of Delaware and UHCO would seek, and plaintiffs would support, an injunction under 11 U.S.C. § 105

extending the automatic bankruptcy stay to include "all actions against Daniel E. Carpenter [and] John F. Olson ... pending the Examiner's report."

In accordance with the consent decree, UHCO filed for bankruptcy ("the UHCO matter") in the United States Bankruptcy Court for the District of Delaware (Peter J. Walsh, Judge). On December 21, 1995, Bankruptcy Judge Walsh issued a preliminary injunction pursuant to 11 U.S.C. § 105 that provided, in relevant part, that "Defendants are ... enjoined and restrained from asserting any claims against the Plaintiffs['] officers, Daniel E. Carpenter and John F. Olson...." The defendants were identified by name in Exhibit A to the injunction order, and the order further recited that these defendants had been served with the complaint before the bankruptcy court. The defendants listed in Exhibit A, which did not include Amresco, were all medical providers.

On October 18, 1996, Amresco filed a collection action against Carpenter, John Olson, and Mary Ellen Olson in Connecticut state court (the "Connecticut action"). Amresco sought to recover sums due and owing upon a $180,000 mortgage note that had been executed by Carpenter and John Olson as makers and unconditionally guaranteed by Mary Ellen Olson. Immediately after filing the action, Amresco, in accordance with Section 52–278f of the Connecticut General Statutes, levied pre-judgment attachment liens against three parcels of property owned by defendants. Defendants subsequently removed the action to federal court in the District of Connecticut (Alvin W. Thompson, Judge), based upon diversity of citizenship. See 28 U.S.C. §§ 1332(a)(1), 1441(b) (1994).

Defendants moved to dismiss the Connecticut action on the ground that the preliminary injunction issued by the bankruptcy court in the UHCO matter enjoined Amresco from bringing suit. In response, Amresco argued that the plain language of the injunction barred only those parties listed in Exhibit A to the injunction from initiating actions against Carpenter and John Olson. Because Amresco was not listed in Exhibit A and had not been served with the complaint before the bankruptcy court, Amresco argued that it

was not restrained by the injunction. The district court agreed, and on March 4, 1997, Judge Thompson denied defendants' motion to dismiss, holding that Amresco was not subject to the preliminary injunction issued by the bankruptcy court.

Thereafter, Carpenter and John Olson aggressively pursued additional legal avenues in an effort to preclude Amresco from proceeding with its action. On March 7, 1997, upon oral application of the UHCO debtors, Bankruptcy Judge Walsh transferred the bankruptcy proceedings from Delaware to the United States Bankruptcy Court for the Southern District of New York. Judge Scheindlin withdrew the reference from the bankruptcy court and assumed jurisdiction over the proceedings. Once the action was in New York before Judge Scheindlin, Carpenter and John Olson made a written application to the court to request that the scope of the preliminary injunction issued by Bankruptcy Judge Walsh be broadened because "a number of UHCO Plan participants continue to be hounded and harassed by various medical providers for payment." No mention was made of the Amresco litigation or Judge Thompson's decision. On March 27, 1997, Judge Scheindlin granted the application and amended the preliminary injunction to preclude "any person, partnership, corporation, individual or entity, whether or not listed in Exhibit A to the December 21, 1995 injunction" from pursuing claims against UHCO and its officers, Carpenter and John Olson. Armed with the amended injunction, defendants renewed their motion to dismiss the Connecticut action, arguing that the amended injunction provided new grounds for dismissal of Amresco's action.

In response, Amresco sought clarification from Judge Scheindlin of whether the amended injunction was intended to cover entities such as Amresco that were not parties to the UHCO matter. At a status conference held on Amresco's application, Judge Scheindlin confirmed that she was unaware of Amresco's Connecticut action when she broadened the injunction and therefore did not consider the impact of the amendment on that action. She specifically rejected the argument advanced by counsel for Carpenter

and John Olson that Amresco had been enjoined initially from bringing the Connecticut action by Bankruptcy Judge Walsh's original injunction and gave Amresco the opportunity to brief the issue of whether it should be subject to the amended injunction. The following day, Judge Thompson denied defendants' second motion to dismiss the Connecticut action pending clarification by Judge Scheindlin of the scope of her amended injunction.

Thereafter, Amresco formally moved for an exemption from the amended injunction. At hearings held on the motion, counsel for Carpenter and John Olson stated that a settlement of the UHCO matter had been reached, pursuant to which Carpenter and John Olson, as well as two other parties, including the United Automobile, Aerospace and Agricultural Implement Workers of America ("UAW"), would pay a liquidating contribution of one cent on the dollar to all of the medical providers with outstanding claims against UHCO. Counsel claimed that the settlement was contingent on the destruction of Amresco's liens and attachments, because Carpenter and John Olson had no other assets with which to fund their portion of the settlement. The court denied Amresco's requests to cross-examine Carpenter and John Olson concerning the extent of their assets.

On June 30, 1997, Judge Scheindlin issued an opinion denying Amresco's motion for an exemption from the amended injunction and extending the amended injunction against Amresco for 90 days. *See In re United Health Care Org.*, 210 B.R. 228, 235 (S.D.N.Y.1997). She concluded that it was appropriate to include Amresco in the amended injunction because Amresco's Connecticut action directly interfered with the settlement of the UHCO estate in that Carpenter and John Olson could not contribute to the settlement with Amresco's pre-judgment liens in place. On September 26, 1997, Judge Scheindlin extended the amended injunction against Amresco until December 1, 1997 to give the UHCO parties time to finalize the settlement.

Defendants submitted an amended motion to dismiss the Connecticut action on July 1,

1997. Relying on Judge Scheindlin's opinion, Judge Thompson dismissed the Connecticut action without prejudice on September 29, 1997.

Amresco appealed both Judge Scheindlin's June 30, 1997 injunction order and Judge Thompson's September 29, 1997 dismissal order. On November 20, 1997, this Court consolidated Amresco's appeals and granted Amresco's motion for a stay of Judge Scheindlin's injunction and Judge Thompson's dismissal order during the pendency of the consolidated appeal.

## DISCUSSION

On appeal, Amresco argues that Judge Scheindlin was without jurisdiction to include Amresco in the amended injunction because Amresco's Connecticut action was not "related to" the UHCO bankruptcy action within the meaning of 28 U.S.C. § 1334(b). Amresco further maintains that even if Judge Scheindlin had jurisdiction to include Amresco within the scope of the amended injunction, she abused her discretion and denied Amresco its right to due process when she extended the injunction without conducting an evidentiary hearing. Finally, Amresco argues that because Judge Scheindlin's injunction against Amresco is invalid, Judge Thompson's dismissal of the Connecticut action and removal of Amresco's pre-judgment liens, which was predicated on that injunction, is also invalid.

Amresco raises a substantial issue regarding whether Judge Scheindlin had jurisdiction to extend the bankruptcy injunction to include Amresco's collection action. *See, e.g., Feld v. Zale Corp. (In re Matter of Zale Corp.)*, 62 F.3d 746, 756—57 (5th Cir.1995) (holding that a settlement agreement cannot provide the sole basis for jurisdiction under 28 U.S.C. § 1334); *Gallucci v. Grant (In re Gallucci)*, 931 F.2d 738, 743—44 (11th Cir. 1991) (holding that bankruptcy court had the duty to look beyond the mere fact of a compromise agreement in order to determine whether jurisdiction existed). Similarly, the district court's decision to deny Amresco the opportunity to cross-examine Carpenter and John Olson concerning the extent of their assets is problematic. *See Fengler v. Nu-*

*mismatic Americana, Inc.*, 832 F.2d 745, 747 (2d Cir.1987) ("On a motion for preliminary injunction, where 'essential facts are in dispute, there must be a hearing ... and appropriate findings of fact must be made.'") (quoting *Visual Sciences, Inc. v. Integrated Communications, Inc.*, 660 F.2d 56, 58 (2d Cir.1981)).

■ This Court need not resolve these questions, however, because the parties agree that Judge Scheindlin's order enjoining Amresco from pursuing its claims against Carpenter and John Olson is no longer in effect. At oral argument, the parties acknowledged that the bankruptcy settlement agreement expired without consummation. Because the injunction was issued to effect a settlement that has since been disavowed, the parties agree that the injunction against Amresco has been dissolved. Accordingly, the issues raised in this consolidated appeal regarding the propriety of Judge Scheindlin's injunction against Amresco are now moot, and the Court dismisses Amresco's appeal of the district court's June 30, 1997 order. *See Murphy v. Hunt*, 455 U.S. 478, 481, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982) (per curiam) ("In general a case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." (internal quotations and citations omitted)); *New York City Employees' Retirement Sys. v. Dole Food Co.*, 969 F.2d 1430, 1433 (2d Cir.1992).

■ Because Judge Thompson dismissed the Connecticut action solely in reliance upon the now dissolved injunction issued by Judge Scheindlin, it follows that Judge Thompson's September 29, 1997 dismissal order should be vacated and the Connecticut action reinstated. However, appellees continue to assert, as they did unsuccessfully before both Judge Scheindlin and Judge Thompson, that dismissal of the Connecticut action remains appropriate because Bankruptcy Judge Walsh's original injunction barred Amresco from initiating the Connecticut action. In support of this argument, appellees rely principally on the Supreme Court's decision in *Celotex Corp. v. Edwards*, 514 U.S. 300, 115 S.Ct. 1493,

131 L.Ed.2d 403 (1995), in which the Court held that a party subject to an injunction issued pursuant to 11 U.S.C. § 105 cannot attack the propriety of that injunction in any court other than the court that issued the injunction. *See id.* at 313, 115 S.Ct. 1493. Appellees argue that pursuant to the *Celotex* decision, if Amresco believed that the injunction issued by Bankruptcy Judge Walsh did not apply to its action against appellees, Amresco, at the very least, was required to confirm its position with the Delaware bankruptcy court before commencing the Connecticut action. Appellees therefore ask this Court to dismiss Amresco's appeal of the dismissal of the Connecticut action and to direct Amresco to seek clarification of the original injunction from the United States Bankruptcy Court for the Southern District of New York, to which Judge Scheindlin has now transferred the UHCO matter.

There is no merit to appellees' position. Under *Celotex*, only those parties covered by a Section 105 injunction are prohibited from initiating suit. Judges Scheindlin and Thompson correctly concluded that the injunction issued by Bankruptcy Judge Walsh did not cover Amresco. The defendants to whom that injunction applies are specifically identified in Exhibit A to the injunction order. Amresco is not named in Exhibit A. Appellees' attempt to broaden the order to cover anyone who may assert claims against Carpenter and John Olson is not supported by a plain reading of Bankruptcy Judge Walsh's order. Moreover, the Court observes that appellees have already obtained in part the relief they seek here; namely, the opinion of the bankruptcy court on the scope of the original injunction. On no less than three occasions, Judge Scheindlin, who at the time had assumed jurisdiction over the UHCO matter, rejected appellees' position that Bankruptcy Judge Walsh's injunction covered Amresco. Accordingly, this Court vacates Judge Thompson's September 29, 1997 order dismissing Amresco's complaint, and that complaint is reinstated.

## CONCLUSION

For the above-stated reasons, appellants' appeal of Judge Scheindlin's June 30, 1997 preliminary injunction is dismissed as moot. Judge Thompson's September 29, 1997 order dismissing Amresco's complaint is vacated, and the complaint is therefore automatically reinstated. In light of the automatic reinstatement of Amresco's complaint, this Court's stay of Judge Thompson's dismissal is lifted. Amresco's liens which, because of the stay of Judge Thompson's order, were never lifted, remain in place.