**YURMAN DESIGNS, INC., Plaintiff,**

v.

**A.R. MORRIS JEWELERS, L.L.C. and DOE I, Whether singular or plural, the entity or those entities who or that is a participant in the Yurman authorized retailer program believed to have sold Yurman products to A.R. Morris Jewelers, Defendants.**

**No. 98 Civ. 8312RWS.**

United States District Court,
S.D. New York.

Aug. 11, 1999.

---

Pryor Cashman Sherman & Flynn, New York City (Maxim H. Waldbaum, Lori D. Greendorfer, Ilene S. Farkas, of counsel), for plaintiff.

Rand Rosenzweig Smith Radley Gordon & Burstein, New York City (Charles L. Rosenzweig, of counsel), for defendant.

## OPINION

SWEET, District Judge.

Plaintiff Yurman Design Inc. ("Yurman") has moved for reconsideration of

this Court's opinion of March 4, 1999 (the "Opinion") denying its motions for a preliminary injunction and expedited discovery. Defendant A.R. Morris Jewelers, L.L.C. ("Morris") has moved, pursuant to Rules 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure, to dismiss this action for lack of personal jurisdiction and lack of venue. In the alternative, Morris moves to transfer this action to the United States District Court for the District of Delaware pursuant to 28 U.S.C. § 1406. For the reasons set forth below, Yurman's motion for reconsideration is denied, and the action will be transferred to the District Court for the District of Delaware.

### The Parties

Plaintiff Yurman is a corporation organized and existing under the laws of the State of New York with its principal place of business located at 501 Madison Avenue, New York, New York 10022. Yurman is engaged in the design, manufacture, distribution and sale of fine jewelry.

Defendant Morris is a Delaware limited liability company located at 802 N. Market Street, Wilmington, Delaware, 19801.

### Prior Proceedings and Facts

The facts and prior proceedings of this action are set forth in a prior opinion of the Court, familiarity with which is assumed. *See Yurman Designs, Inc. v. A.R. Morris Jewelers*, 41 F.Supp.2d 453 (S.D.N.Y.1999). Those facts and prior proceedings relevant to the instant motion are set forth below.

Yurman filed his complaint in this action on November 23, 1998, alleging unfair competition under the Trademark Laws of the United States, 15 U.S.C. § 1051 *et seq.;* copyright infringement under 17 U.S.C. § 101 *et seq.;* deceptive trade practices, fraudulent inducement, breach of contract, tortious interference with contract, tortious interference with business relations and misappropriation under the laws of the State of New York.

On November 24, 1998, Yurman filed by order to show cause a motion, pursuant to Rule 65 of the Federal Rules of Civil Procedure, to prohibit Morris from: (i) continuing their attempts to "destroy" Yurman's Authorized Retailer Program, brand name and business reputation; (ii) soliciting, promoting and selling in an unauthorized manner DAVID YURMAN jewelry products; (iii) inducing Yurman's authorized retailers to breach their contractual agreements with Yurman; (iv) interfering with and intentionally harming Yurman's business relationships with its authorized retailers; (v) engaging in unfair competition activities; (vi) appropriating Yurman's proprietary interests; and (vii) intentionally harming Yurman without excuse or justification. Yurman also moved for an order, pursuant to Federal Rules of Civil Procedure 26(d), 30(a), 33(a) and 34(b), permitting expedited discovery.

Oral argument was held on December 2, 1998, at which time the Court indicated its view that personal jurisdiction over Morris was lacking, and denied Yurman's request for expedited discovery on the issue of jurisdiction. The Court ordered Morris to produce certain invoices relating to the sale of Yurman goods to Morris by Cindy Earl ("Earl"), an authorized Yurman retailer in Nashville, Tennessee.

On March 4, 1999, the Court issued the Opinion denying Yurman's motion for a preliminary injunction on the grounds that Morris is not subject to personal jurisdiction under New York law, and denying Yurman's motion for expedited discovery as moot.

Yurman filed the instant motion for reconsideration on or about March 24, 1999. Morris filed its motions to dismiss the complaint upon the grounds of lack of personal jurisdiction and improper venue and its motion to transfer on May 19, 1999. Opposition and reply papers were received through June 11, 1999, at which time the motions were deemed fully submitted.

### Discussion

**I. *Yurman's Motion for Reconsideration is Denied***

Yurman does not specify whether it brings its motion for reconsideration pur-

suant to Federal Rule of Civil Procedure 59(e) or Local Rule 6.3. Regardless, the standards governing Rule 59(e) and Local Rule 6.3 are the same. *See Candelaria v. Coughlin*, 155 F.R.D. 486, 490 (S.D.N.Y. 1994); *Morser v. A.T. & T. Information Systems*, 715 F.Supp. 516, 517 (S.D.N.Y. 1989).

■ Local Rule 6.3 provides in pertinent part: "There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked." Thus, to be entitled to reargument, plaintiffs must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion. *See Ameritrust Co. Nat'l Ass'n v. Dew*, 151 F.R.D. 237 (S.D.N.Y.1993); *Fulani v. Brady*, 149 F.R.D. 501, 503 (S.D.N.Y.1993); *East Coast Novelty Co. v. City of New York*, 141 F.R.D. 245, 245 (S.D.N.Y.1992); *B.N.E. Swedbank, S.A. v. Banker*, 791 F.Supp. 1002, 1008 (S.D.N.Y.1992); *Novak v. National Broadcasting Co.*, 760 F.Supp. 47, 48 (S.D.N.Y.1991); *Ashley Meadows Farm Inc. v. American Horse Shows Ass'n*, 624 F.Supp. 856, 857 (S.D.N.Y. 1985).

■ Local Rule 6.3 is to be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court. *See Caleb & Co. v. E.I. Du Pont De Nemours & Co.*, 624 F.Supp. 747, 748 (S.D.N.Y.

1985). In deciding a Local Rule 6.3 motion, the court must not allow a party to use the motion to reargue as a substitute for appealing from a final judgment. *See Morser*, 715 F.Supp. at 517; *Korwek v. Hunt*, 649 F.Supp. 1547, 1548 (S.D.N.Y. 1986). Therefore, a party in its motion for reargument "may not advance new facts, issues or arguments ·not previously presented to the court." *Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb, Inc.*, No. 86 Civ. 6447, 1989 WL 162315, at * 3 (S.D.N.Y.1989). The decision to grant or deny a motion for reargument is within the sound discretion of the district court. *See Schafer v. Soros*, No. 92 Civ. 1233, 1994 WL 592891 (S.D.N.Y. Oct. 31, 1994).

In support of its motion for reconsideration, Yurman has not raised any matter of controlling decision which would have mandated different results. Instead, Yurman essentially repeats its earlier assertions and amplifies its demand for discovery.

■ Yurman contends that it is entitled to limited expedited discovery on the issue of this Court's personal jurisdiction over Morris.[1] A similar request was made by plaintiff's counsel at the time of oral argument on the underlying motion and was denied as improperly speculative. As Yurman itself notes, the district court has broad discretion in determining whether or not to permit discovery aimed at establishing personal jurisdiction. *See Lehigh Valley Indus., Inc. v. Birenbaum*, 527 F.2d 87,

---

1. Yurman also submits that it is entitled to a hearing and cites *Fengler v. Numismatic Americana, Inc.*, 832 F.2d 745 for the proposition that "on a motion for preliminary injunction, where 'essential facts are in dispute, there must be a hearing ... and appropriate findings of fact must be made.'" 832 F.2d 745, 747 (2d Cir.1987) (citation omitted). *Fengler*, however, is distinguishable from the instant case. In *Fengler*, the Second Circuit reversed the district court's grant of a preliminary injunction where no evidentiary hearing was held and "essential facts" were "unquestionably in dispute." In the present case, the Court denied the motion for preliminary injunction finding that there was no personal

jurisdiction over defendant Morris. "A court must have in personam jurisdiction over a party before it can validly enter even an interlocutory injunction against him." *Visual Sciences, Inc. v. Integrated Communications, Inc.*, 660 F.2d 56, 59 (2d Cir.1981).

Yurman asserts that a factual issue exists as to whether Earl was an agent of Morris. As discussed below, the Court found *inter alia* that Yurman failed to establish that Earl acted in New York for the benefit of, and with the knowledge and consent of Morris. Accordingly, the Court concluded that Earl could not be held to be an agent of Morris. *See Yurman*, 41 F.Supp.2d at 458–59.

93 (2d Cir.1975); *Manhattan Life Insurance Company v. A.J. Stratton Syndicate,* 731 F.Supp. 587, 593 (S.D.N.Y.1990); *Grove Valve & Regulator Co., Inc. v. Iranian Oil Services,* 87 F.R.D. 93, 96 n. 8 (S.D.N.Y.1980). The Court has determined previously that Yurman failed to make a sufficient showing to justify such a request.

Yurman takes issue with this Court's statement that "[b]efore entering an order of preliminary injunction, jurisdiction over the defendant must be 'clearly established.'" *Yurman,* 41 F.Supp.2d at 456 (*quoting Weitzman v. Stein,* 897 F.2d 653, 658–59 (2d Cir.1990)). Yurman cites *Visual Sciences, Inc. v. Integrated Communications, Inc.,* 660 F.2d 56, 59 (2d Cir.1981) for the proposition that when a challenge to jurisdiction is interposed on an application for a preliminary injunction, the plaintiff need only show that "there is a reasonable probability of ultimate success on the question of jurisdiction when the action is tried on the merits." 660 F.2d at 59. The Opinion, which relies in part upon *Visual Sciences* for its controlling standard, *see Yurman,* 41 F.Supp.2d at 456 (*quoting Visual Sciences* ), concludes that Yurman failed to demonstrate a reasonable probability of ultimate success on the question of jurisdiction. *See id.* at 458–59.

Yurman asserts that "the facts herein clearly support jurisdiction over Morris both under the New York long-arm statute and due process, since Morris indisputably transacted business in New York through its agent, Earl." (Plaintiff's Brief at 6). This matter was raised and briefed on the preceding motion and was resolved in the Opinion. *See Yurman,* 41 F.Supp.2d at

458–9. With respect to New York State long-arm jurisdiction, the Opinion states that Yurman "failed to establish the requisite connection between Morris' alleged activity in or outside of New York State and Yurman's injuries." *Id.* at 458.

The Court specifically addressed the contention raised again by Yurman on the instant motion that Morris continues to transact business in New York through its relationship with Earl, and that Morris' relationship with Earl constitutes an agency relationship for jurisdictional purposes and satisfies the transacting business requirement of § 302(a)(1).[2] The Opinion states:

> While New York's approach to agency under § 302(a)(1) may be "flexible," it is not so elastic as to encompass the instant case. The cases cited by Yurman finding an agency relationship have involved a closer nexus between a defendant and its purported agent than exists here.... In the present case, the relationship between Morris and Earl is far more attenuated. Yurman has not established that Earl acted in New York for the benefit of, and with the knowledge and consent of Morris.

*Id.* at 459 (citation omitted).

▮ The Court concluded that Yurman had failed to establish that Morris was "doing business" in New York within the meaning of New York Civil Practice Law and Rules ("CPLR") § 301, that this Court did not have jurisdiction over Morris pursuant to CPLR § 302(a)(1), and that discovery was not warranted. On its motion to reconsider, Yurman has failed to demonstrate that the Court overlooked any

**2.** In the alternative, Yurman now asserts that Morris and Earl were co-conspirators in a scheme to circumvent the Authorized Retailer Agreement (the "ARA") with Yurman's prohibition against transhipment and to "obtain and sell Yurman product (often at unauthorized discounts) in order to capitalize on Yurman's name and reputation without being restricted by the [ARA]." (Plaintiff's Reply Brief at 3). Yurman urges that as a co-conspirator, Morris would be subject to personal jurisdiction in New York on the basis of Earl's illegal activities in New York in furtherance of the scheme, the "particulars of which require discovery." (*Id.*). This theory was not put before the Court on the underlying motion. As noted above, Local Rule 6.3 does not permit a party to advance new facts, issues or arguments during a motion for reargument. *See Litton,* 1989 WL 162315, at * 3; *Scheiner v. Wallace,* 955 F.Supp. 232, 237 (S.D.N.Y. 1997).

factual matters or controlling authority. Instead, Yurman reiterates its demands for discovery and largely repeats contentions previously considered and rejected by the Court when it rendered its initial decision. This is not sufficient to meet the requirements of Local Rule 6.3.

## II. *The Case Will Be Transferred on the Grounds of Improper Venue*

Morris has moved, pursuant to Rule 12(b)(3), to dismiss this action on the ground of improper venue. Venue in a copyright action is governed by 28 U.S.C. § 1400(a), which provides that venue is proper in any district in which the defendant or its agent resides or may be found. The phrase "may be found" has been judged to require "no more contact with the forum state than is required by New York's long-arm statute." *World Film Services, Inc. v. RAI Radiotelevisione Italiana S.p.A.*, 1999 WL 47206 (S.D.N.Y. Feb.3, 1999). Since this Court has determined that it lacks jurisdiction over Morris pursuant to CPLR § 302, venue is improper.[3]

■ The question remains, however, whether dismissal or transfer is the appropriate means of curing the defect in venue. The statutory section governing transfer in cases involving improperly laid venue is 28 U.S.C. § 1406(a), which states:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

"Whether dismissal or transfer is appropriate lies within the sound discretion of the district court." *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir.1993).

■ "Dismissal is 'a severe penalty,' and courts will ordinarily transfer a case when proper venue can be determined." *Feldman v. L & M Mowing, Inc.*, 1999 WL 284983 (E.D.N.Y. May 3, 1999) (*quoting Zumft v. Doney Slate Co.*, 698 F.Supp. 444, 446–47 (E.D.N.Y.1988)). However, a court electing to transfer an action, may only transfer such action "to a district where it might have been brought initially," that is, a district where defendant is subject to personal jurisdiction and venue would be proper. *Volkswagen De Mexico, S.A. v. Germanischer Lloyd*, 768 F.Supp. 1023, 1028 (S.D.N.Y.1991).

■ In this case, the interest of justice would be served by transferring the action to the District of Delaware. The District Court for the District of Delaware possesses personal jurisdiction over Yurman, and venue properly lies in that district. There is no evidence to suggest that Morris is not, as he claims to be, a Delaware resident.[4] Finally, dismissal would be "disproportionate to the harm or inconvenience which plaintiff has caused defendant." *Unlimited Care, Inc. v. Visiting Nurse Association of Eastern Massachusetts, Inc.*, 42 F.Supp.2d 327 (S.D.N.Y.1999). Accordingly, the case will be transferred to the District of Delaware.

## *Conclusion*

For the reasons stated above, Yurman's motion for reconsideration is denied, and

---

**3.** As to any remaining claims, venue is governed by 28 U.S.C. § 1391(b), which provides, that in a case where federal jurisdiction is based on diversity, venue is proper only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, ... or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time

the action is commenced, if there is no district in which the action may otherwise be brought.
28 U.S. § 1391(a). None of these provisions authorizes venue in the Southern District of New York.

**4.** A corporate defendant is deemed to "reside" in any district in which it is subject to personal jurisdiction at the time the action is commenced. *See* 28 U.S.C. § 1391(c).

the action will be transferred to the District Court for the District of Delaware.

It is so ordered.